

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 14, 1990

Honorable David Brabham
Criminal District Attorney
Gregg County
P. O. Box 3403
Longview, Texas   75606

Opinion No.  JM-1222

Re:  Authority of a municipality to establish a warrant division under the direction of the municipal court
(RQ-2038)

Dear Mr. Brabham:

Your questions concern the authority of the City of Longview, a general law municipality, to establish a warrant division for its municipal court of record. You ask whether the warrant officers possess the authority of a duly certified peace officer in "serving warrants, capias warrants, summons, subpoenas, attachments, and other process issuing from the court; serv[ing] as bailiffs during sessions of court; and wear[ing] uniforms appropriate to their position."

You advise that your questions are limited to whether the city may appoint warrant officers and whether such officers possess the authority to perform the duties you have detailed. You state that there is no concern about creating a warrant division as such and that there is no conflict between the governing body of the city and officials over who will make the appointments.

Section 30.202 of the Government Code provides that the governing body of the City of Longview may provide for a municipal court of record to be known as the "City of Longview Municipal Court." Subsection (b) of section 30.205 provides:

> The governing body of <u>the city shall provide</u> deputy clerks, <u>warrant officers</u>, and other personnel as needed <u>for the proper operation of</u> the <u>municipal courts of record</u>. (Emphasis added.)

You provide the following information relative to the city's plan to create the position of "warrant officer":

> The City of Longview proposes to employ staff for such position separate and apart from its police department. The individuals employed would be certified in accordance with Chapter 415, Section 415.001 et seq of the Government Code as peace officers meeting all certification requirements of the state. In addition, such warrants officers would be full-time employees of the City, fully compensated for their service as employees of the City, and not paid on the basis of a commission or other fee related to their actual service of process. These warrant officers would in many respects fill the role assumed by city marshals in general law cities, would meet all certification requirements of peace officers, but would limit their responsibilities to lawful exercises of authority in the furtherance of the responsibilities of the municipal court.

Chapter 30 of the Government Code authorizes the creation of municipal courts of record in numerous cities of this state. Provision is made for the governing bodies of a number of these cities to provide for "warrant officers" to be utilized in the operation of the court. However, the statutes authorizing the creation of municipal courts of record do not assign any particular duties to warrant officers.[1]

You state that warrant officers for the Longview Municipal Court will be certified peace officers. Therefore, we need not consider whether warrant officers must be certified peace officers. Certainly giving a peace officer the title "warrant officer" would not diminish his authority to serve process.

---

1. The authorities are replete with definitions of "warrant officers," but all relate to that position in the military context. See 44A Words and Phrases at 596; 6 C.J.S. Armed Services §§ 27, 80, 89, 121, 155, 168; 54 Am. Jur. Military §§ 23, 149; XIX Oxford English Dictionary 929 (2d ed. 1989).

You ask whether the warrant officer may serve as bailiff for the court. While we find no express authority for utilization of a bailiff in a municipal court of record, we believe that the court has inherent authority to request the warrant officer to serve in such capacity. Volume 20 of American Jurisprudence 2d Courts, section 4, discusses positions that are considered as an inherent part of a court. It is noted that while a clerk may not always be considered an inherent part of the court certain inferior officials, including a bailiff,[2] are considered necessary in the proper administration of justice. Although the exact limit of the powers of judges as to appointments is not entirely settled, "a long continued and rarely challenged practice has in fact confided to them the appointment of many officers of inferior grades . . . ." 46 Am. Jur. 2d Judges § 27. Included in this group are bailiffs. Id. We perceive no reason why the warrant officer may not serve in such capacity.[3]

You also ask whether warrant officers may wear uniforms appropriate to their positions. Section 37.12 of the Penal Code makes it an offense for a person to wear a badge, insignia, etc., identifying that person as a peace officer unless that person has been certified or licensed by the Commission on Law Enforcement Officer Standards and Education in the capacity indicated on the identifying item. Because you state that the warrant officer in question will be a certified peace officer, the warrant officer may wear a badge appropriate to his position.

---

2. Chapter 53 of the Government Code, entitled "Bailiffs," makes it mandatory that bailiffs be appointed for a limited number of designated courts in this state.

3. Article 36.24 of the Code of Criminal Procedure provides that a sheriff or deputy sheriff may serve as bailiff to a court unless that officer is to be called as a witness. Code Crim. Proc. art. 36.24.

## S U M M A R Y

A warrant officer  of the Municipal  Court of Longview possesses  the  authority  of  a peace officer  to serve  warrants,  summons, subpoenas,  attachments,  and  other  process issuing  from  the  court  he  serves.   The warrant officer may  serve as bailiff  during sessions of  court.  He  may wear  a  uniform appropriate to his position.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General